IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leroy Haeger, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>Goodyear Tire and Rubber Co., et al.,<br><br>        Defendants. | No. CV-05-02046-PHX-ROS<br><br>**ORDER** |

On June 26, 2013, the Court gave the parties one last opportunity to reach agreement regarding the amount of attorneys' fees to be awarded based on misconduct by Graeme Hancock, Basil Musnuff, and Goodyear Tire and Rubber Co. ("Goodyear"). The parties could not reach agreement and they profoundly object to referring the issue to a special master. Rather than prolong this case any further, the Court now resolves the appropriate amount of attorneys' fees and costs.

**I. Reasonable Attorneys' Fees and Costs**

In its June 26, 2013 Order, the Court explained that it would use the lodestar method to calculate the appropriate amount of fees. That method contemplates multiplying the "reasonable hourly rate" by the number of hours "reasonably expended." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The prior order determined the appropriate hourly rates. Now the Court must determine the reasonable number of hours. The parties present vastly different views on this issue.

1  To begin, the Supreme Court has made clear that determining the appropriate amount of attorneys' fees "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Supreme Court recently stressed that, when determining the size of a fee award, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011). A court should not strive to "achieve auditing perfection" but should attempt "to do rough justice." *Id.* And in doing so, a court may "take into account [its] overall sense of a suit" and may even "use estimates in calculating and allocating an attorney's time." *Id.*

Despite this Supreme Court authority, the Ninth Circuit has repeatedly chided district courts for not providing an adequate explanation of their decisions regarding attorneys' fees. For example, the Ninth Circuit recently claimed that it would only be "a small matter" for district courts "to abide by the injunction of the arithmetic teacher: Show your work!" *Padgett v. Loventhal*, 706 F.3d 1205, 1208 (9th Cir. 2013) (quotation omitted). Therefore, the Court will attempt to make as clear as possible how it calculated the appropriate award. It is worth keeping in mind, however, that when the attorneys' fees at issue run into the thousands of hours and millions of dollars, it is exceptionally difficult to assess each and every billing entry with absolute clarity and consistency. *Cf. Salstrom v. Citicorp Credit Services, Inc.*, 74 F.3d 183, 185 (9th Cir. 1996) ("[I]t would be impossible to determine with mathematical precision the amount of attorney's fees and costs incurred by Citicorp as a direct result of Gudger and Webb's misconduct.").

**A. General Objections**

Goodyear and its attorneys propose a system of nine different codes for the Court to use when evaluating the approximately 240 pages of time entries. (Doc. 1100). Almost every time entry is accompanied by some combination of the nine codes. Unfortunately, even a cursory review raises concerns about the good faith nature of the objections. For example, Goodyear and its attorneys have objected to many entries that Plaintiffs are not

- 2 -

1 seeking compensation for.[1]  Those objections are obviously inappropriate.  In addition, the
2 objections are wildly inconsistent, making it exceptionally difficult to evaluate the billing
3 records as a whole.[2]  In light of the nonsensical objections to unbilled time, and the
4 seemingly random nature of a great many other objections, it is hard to conclude Goodyear
5 and its attorneys carefully reviewed the records.

6       Much more important than these errors, however, is that the coded objections present
7 a very misleading view of possible adjustments.  Goodyear and its attorneys present totals
8 under each of the nine different codes.  But sustaining a global objection to any code would
9 result in a grossly excessive deduction.  For example, Goodyear and its attorneys claim that
10 sustaining their Code H objections ("excessive billings/fees") should result in a reduction of
11 $375,772.50.  (Doc. 1100-3 at 2).  But this amount is derived by assuming the Court will
12 disallow, in its entirety, any entry allegedly containing "excessive time."  So the time entry
13 on 5/18/07 reflecting twelve hours for attending an expert deposition would be reduced to
14 zero, even though there can be no question that *some* time on that date was appropriately
15 billed.  Thus, the code system presents the situation as one where the Court could merely
16 pick the meritorious codes and then subtract the total allegedly attributable to each code.
17 That is not, in fact, the case.

18       The code system and accompanying totals are also misleading because they do not
19 take into account that the codes often overlap.  Therefore, if the Court were to sustain the
20 objections based only on three of the nine codes, that would result in a larger deduction than

---

[1] Goodyear and its attorneys have made over forty objections to time entries that Plaintiffs' counsel are not seeking to recover.  *See, e.g.*, Doc. 1100-2 at 45.

[2] Looking at two entries close in time, Goodyear and its attorneys object that the entry dated 2/1/07 stating "telephone conference with client" is too "vague and/or incomplete." But there is no objection to the 2/22/07 entry stating, in its entirety, "review list of cases."

the entire amount Plaintiffs seek.[3] Obviously the Court cannot engage in such a simplistic analysis.[4]

Based on Goodyear and its attorneys' objections, the reductions set forth below are far less than what one might expect. But the Court has spent considerable time reviewing *each* time entry and its associated objections in an attempt to ensure the appropriate size of the award. Relying primarily on its own experience in this case, the Court makes the rulings and adjustments set forth below.

**B. Nine Code System**

**i. Code A Objections**

Code A refers to "recreated time entries for the period from August 11, 2009 through December 31, 2010." (Doc. 1100 at 2). During that time period, Plaintiffs' counsel did not maintain contemporaneous time records. While the lack of contemporaneous time records is often a problem, this case is unique.

Here, the Court is attempting to award reasonable attorneys' fees in a case where Plaintiffs never planned to seek an award of attorneys' fees. This is a contingency-based case and contingency fee attorneys often do not keep contemporaneous time records because they will never seek a fee award from the court. Thus, Goodyear and its attorneys seem to be arguing the Court should heavily discount or deny the fees described in Plaintiffs' recreated time entries because Plaintiffs failed to predict that, due to widespread discovery misconduct, they would eventually need to apply for fees. In these circumstances, disallowing fees based on the lack of contemporaneous time records is not appropriate.

The recreation of time entries does, however, raise the prospect of overstating the time involved. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 438 n.13 (1983) (allowing 30%

---

[3] Sustaining the objections on Code B ($1,611,044), Code C ($603,356), and Code F ($722,406.52) would result in total deductions of $2,936,806.52.

[4] Goodyear and its attorneys recognize this flaw but do not offer an alternative method of calculation. (Doc. 1102 at 4 n.2).

- 4 -

reduction based on lack of contemporaneous time records). Therefore, out of an abundance of caution, the Court will impose a twenty percent reduction to those time entries reflecting Code A objections.

### ii. Code B Objections

Code B refers to "block-billing." Goodyear and its attorneys claim Plaintiffs' counsel engaged in inappropriate block-billing throughout this case. But, as pointed out by Plaintiffs, it is not block-billing per se that is objectionable. Rather, the problem with block-billing is that there is often insufficient detail for the Court to determine whether the amount expended in each block was reasonable. The records here do not suffer from that flaw. Except as indicated in the context of other objections, the entries identified as block-billed contain sufficient information for the Court to assess the reasonableness of the time spent on the tasks performed. *See Campbell v. Nat'l Passenger R.R. Corp.*, 718 F. Supp. 2d 1093, 1103 (N.D. Cal. 2010) (block billing was "detailed enough for the Court to assess the reasonableness of the hours billed").[5] Therefore, the Code B objections are overruled.

### iii. Code C Objections

Code C refers to "vague and/or incomplete descriptions of the services performed." (Doc. 1100 at 2). The Court concludes that some of the Code C objections are well-taken and adjustments must be made. The vast majority of these adjustments reflect telephone calls, conferences, or emails with no indication regarding the topic of those communications. The Court cannot conclude the time was reasonably expended absent such information. Therefore, the Court makes the adjustments set forth on Appendix A. Unless listed on Appendix A, the Code C objections are overruled.

---

[5] Also, in light of the Court making other objections to many of the block-billed entries, any across the board block-billing reduction would result in excessive reductions. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 842, 948 (9th Cir. 2007) (reversing across-the-board reduction for block-billing because it resulted in excessive reduction).

### iv. Code D Objections

Code D refers to "non-taxable costs pursuant to 28 U.S.C. § 1920." (Doc. 1100 at 2). As set forth in the Court's June 26, 2013 Order, the Court will not limit the award to taxable costs. Therefore, with the exception of $4,880.73, the costs for which Plaintiffs did not submit supporting documents, the objections under Code D are overruled.

### v. Code E Objections

Code E refers to "multiple timekeepers performing the same tasks/duplicative fees." (Doc. 1100 at 2). Having reviewed the relevant entries, Goodyear and its attorneys have not provided a meaningful way for the Court to assess the accuracy of their contention that the entries are duplicative. In fact, Goodyear and its attorneys seem to believe that almost any time more than one attorney billed for a particular issue, only one attorney should be compensated. Given that Goodyear had over ten attorneys working on this case, the amount of discovery involved, and the complicated nature of the issues, the claim that Plaintiffs should be limited to the time one attorney spent on any given issue is not convincing. *See Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286-87 (9th Cir. 2004) ("Courts must exercise judgment and discretion, considering the circumstances of the individual case, to decide whether there was unnecessary duplication."). The Court overrules the objections based on Code E.

### vi. Code F Objections

Code F refers to "entries unrelated to the alleged harm and outside the scope of the Court's Order." (Doc. 1100 at 2). This objection takes issue with the Court's decision to award all the fees and costs incurred after it became clear that Goodyear and its attorneys were not behaving in good faith. The Court previously explained that, in these unique circumstances, it is inappropriate to limit the award to the fees and costs that could be directly linked to the misconduct; proving that linkage is an almost impossible task given

how the misconduct permeated the entirety of this case.[6] Thus, the Code F objections are overruled.

As explained in the June 26, 2013 Order, the Court will make a contingent award in the event a direct linkage between the misconduct and harm is required. For purposes of the contingent award, the Code F objections will be sustained. Goodyear and its attorneys have submitted a calculation that the Code F objections total $722,406.52. (Doc. 1100-3 at 2). Therefore, the contingent award will reflect the other appropriate deductions, as well as this deduction.[7]

### vii. Code G Objections

Code G refers to "administrative and/or clerical tasks." (Doc. 1100 at 2). The overwhelming number of Code G objections are aimed at tasks performed by a paralegal and billed at the paralegal's hourly rate.[8] Goodyear and its attorneys apparently believe these entries were for the performance of "clerical" work, *i.e.* work that not even a paralegal should be allowed to bill for. (Doc. 1103 at 13, work should have been designated as unrecoverable

---

[6] Some of the Code F objections are clear evidence that Goodyear and its attorneys have not conducted a thoughtful review of their objections. For example, the time Plaintiffs' counsel spent in preparing the reply in support of their motion for sanctions is obviously directly linked to the misconduct. But Goodyear and its attorneys assert a Code F objection to some of that time. *See, e.g.*, time entries dated 10/11/2011 and 10/12/2011.

[7] As noted in footnote 5, many entries are subject to multiple objections. Therefore, sustaining more than one objection to a single entry will result in double counting that entry. For example, the entry on 11/08/06 contains an objection under Code C and Code F. The objection based on Code C was sustained, meaning sustaining the objection also on Code F will result in deducting that $33.00 twice. But there is no simple way to avoid this problem and the amount of double counting is minimal in relation to the size of the total award. Therefore, the contingent award will reflect the other appropriate deductions as well as the full $722,406.52 deduction.

[8] Goodyear and its attorneys do not object to all of the billing entries by paralegals, effectively conceding that some paralegal work is recoverable. *See Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Insurance Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) ("[F]ees for work performed by non-attorneys such as paralegals may be billed separately, at market rates, if this is the prevailing practice in a given community.").

"overhead."). Some of the entries do involve work of a clerical nature. *See Schrum v. Burlington N. Santa Fe Ry. Co.*, 2008 WL 2278137, at *12 (D. Ariz. May 30, 2008) (noting "work that is clerical in nature should be subsumed in a law firm's overhead"). Many of the time entries to which there is a Code G objection contain a mix of compensable and non-compensable activities. Therefore, the Court has determined the appropriate amount for the compensable activities while subtracting the non-compensable amounts. *See id.* (clerical tasks include "calendaring activities, scheduling depositions and bates labeling documents"). The appropriate adjustments are set forth on Appendix B. If not referenced, the Code G objections are overruled.

### viii. Code H Objections

Code H refers to "excessive billings/fees." Plaintiffs are only entitled to the amount of time "reasonably expended." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Goodyear and its attorneys believe the absolute maximum the Court could find reasonable in this case is approximately 800 hours by Mr. Kurtz and his paralegal, a little over 500 hours from all the staff at Jennings, Strouss & Salmon, and no hours from Mr. Abernethy. (Doc. 1100-4). Thus, Goodyear and its attorneys believe this case should not have required more than 1,300 hours of work. Given the history of this case, that figure cannot be taken seriously.[9]

As outlined in the sanctions order, very early in this case Goodyear and its attorneys decided to resist all discovery and fight Plaintiffs on seemingly every issue. At the time of the sanctions order, the case had involved approximately 163 motions, 254 Court orders, and close to 1,000 docket entries. (Doc. 1073 at 50 n.21). That is *substantially* more activity

---

[9] Goodyear and its attorneys chose not to submit their own billing records for comparison purposes. While there is no requirement that they do so, the Ninth Circuit has recognized that comparing the time spent by the opposing side can be a "useful guide in evaluating the appropriateness of time claimed." *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1287 (9th Cir. 2007). If Goodyear and its attorneys actually believed that Plaintiffs spent close to *five thousand hours* more than necessary, their own billings of far fewer hours would have been powerful and persuasive evidence in support of that position.

1  than the vast majority of cases, including even more complex cases that proceed through
2  trial. And while docket activity can be a useful proxy for determining the amount of attorney
3  time devoted to a case, docket activity alone can be misleading because it may not reflect
4  time spent in discovery. In this case, the time spent in discovery was massive and greatly
5  inflated because of the misconduct by Goodyear and its attorneys. Accordingly, the general
6  complaint by Goodyear and its attorneys that Plaintiffs' counsel spent too much time on this
7  case, when the monumental expenditure of time was caused by their repeated misconduct,
8  is not convincing.

9  Despite the unreasonably low number of hours proposed by Goodyear and its
10 attorneys, the number of hours Plaintiffs have requested does appear high. Therefore, the
11 Court has looked to the Code H objections with great care. But having examined the
12 associated time entries, most of the Code H objections do not have merit. It is important to
13 note that many of the Code H objections stem from billings directly connected to the
14 sanctions proceedings. During that time, Plaintiffs' counsel was responding to the actions
15 and filings by teams of lawyers representing Goodyear, Mr. Hancock, and Mr. Musnuff.
16 Plaintiffs' counsel was also attempting to conduct discovery to further substantiate their
17 misconduct claims. In light of the accelerated briefing and discovery deadlines during the
18 sanctions proceedings, it is not surprising that Plaintiffs' counsel put in a great deal of work
19 in a short time period. *See, e.g.*, time entries dated 4/17/12 to 4/26/12 (billing approximately
20 nine hours per day).

21 Based on the Court's years-long familiarity with this case, the appropriate adjustments
22 for excessive billing are set forth on Appendix C. If not referenced, the Code H objections
23 are overruled.

24 **ix. Code I Objections**

25 Code I refers to fees for "recreating time entries and preparing the fee application."
26 Because this case originally had no prospect of an attorneys' fee award, Plaintiffs' counsel
27 did not have the normal incentive to keep contemporaneous time records. Thus, the need to
28 recreate time entries was a direct result of the sanctionable conduct. Therefore, the time

- 9 -

recreating Plaintiffs' time records will be allowed. Also, there is no reason to disallow the time Plaintiffs spent in litigating the fees issue. *See, e.g.*, *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) ("[I]t would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee."). Thus, the Code I objections are overruled.

## II. Conclusion

Based on the foregoing, the Court makes the following adjustments.

| Objection | Standard Adjustment | Contingent Adjustment |
|---|---|---|
| Code A | $29,310 (20% of $146,550) | $29,310 |
| Code B | 0 | 0 |
| Code C | $32,117 ($39,117 - $7,000) | $32,117 |
| Code D | $4,880.73 (unsupported costs) | $4,880.73 |
| Code E | 0 | 0 |
| Code F | 0 | $722,406.52 |
| Code G | $50,721 ($88,060.50 - $37,339.50) | $50,721 |
| Code H | $25,827.50 ($90,927.50 - $65,100) | $25,827.50 |
| Code I | 0 | 0 |
| **TOTAL** | $142,856.23 | $865,262.75 |

Plaintiffs' starting figure of $2,884,057.39, reduced by the standard adjustment, results in a lodestar of $2,741,201.16 in attorneys' fees and costs. There is no reason to adjust this figure. *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 n.11 (9th Cir. 2012) ("After computing the 'lodestar,' the district court may then adjust the figure upward or downward taking into consideration twelve 'reasonableness' factors . . . ."). The Court previously determined 20% of the award would be apportioned to Mr. Hancock while Mr. Musnuff and Goodyear would be responsible for 80%.

1    In the alternative, the starting figure of $2,884,057.39 reduced by the standard
2 adjustment as well as the adjustment for harm not directly linked to the misconduct (Code
3 F objections) results in a lodestar of $2,018,794.64. There is no reason to adjust this amount.
4 *Id.* Therefore, if necessary, the Court would enter judgment, appropriately apportioned, in
5 that amount.
6    Accordingly,
7    **IT IS ORDERED** the Clerk of Court is directed to enter judgment in favor Plaintiffs
8 and against Graeme Hancock in the amount of $548,240.23 and against Basil J. Musnuff and
9 the Goodyear Tire and Rubber Co. in the amount of $2,192,960.93.
10    DATED this 26th day of August, 2013.

_____
Roslyn O. Silver
Chief United States District Judge

- 11 -

|  |  |  | **APPENDIX A** |  |  |
|---|---|---|---|---|---|
| Date | Billed Amount | Hourly Rate | Original Total | Adjusted Hours | Adjusted Amount for Inadequate Description |
| 11/8/2006 | 0.2 | 165 | 33 | 0 | 0 |
| 11/9/2006 | 2 | 500 | 1000 | 1 | 500 |
| 11/13/2006 | 0.2 | 500 | 100 | 0 | 0 |
| 11/15/2006 | 0.3 | 500 | 150 | 0 | 0 |
| 11/30/2006 | 1.4 | 500 | 700 | 0 | 0 |
| 12/4/2006 | 0.1 | 500 | 50 | 0 | 0 |
| 12/19/2006 | 1.2 | 500 | 600 | 0 | 0 |
| 1/3/2007 | 8.5 | 500 | 4250 | 4 | 2000 |
| 1/24/2007 | 0.2 | 500 | 100 | 0 | 0 |
| 1/28/2007 | 4.8 | 500 | 2400 | 0 | 0 |
| 1/29/2007 | 2 | 500 | 1000 | 0 | 0 |
| 5/15/2007 | 0.9 | 500 | 450 | 0 | 0 |
| 5/15/2007 | 0.3 | 500 | 150 | 0 | 0 |
| 5/19/2007 | 9.7 | 500 | 4850 | 4 | 2000 |
| 5/20/2007 | 10.1 | 500 | 5050 | 5 | 2500 |
| 5/29/2007 | 0.1 | 500 | 50 | 0 | 0 |
| 5/29/2007 | 0.2 | 500 | 100 | 0 | 0 |
| 6/1/2007 | 0.5 | 500 | 250 | 0 | 0 |
| 7/16/2007 | 0.2 | 500 | 100 | 0 | 0 |
| 7/17/2013 | 0.8 | 500 | 400 | 0 | 0 |
| 7/19/2007 | 0.3 | 500 | 150 | 0 | 0 |
| 8/1/2007 | 0.1 | 500 | 50 | 0 | 0 |
| 8/7/2007 | 0.1 | 500 | 50 | 0 | 0 |
| 8/14/2007 | 0.2 | 500 | 100 | 0 | 0 |
| 8/15/2007 | 2.8 | 500 | 1400 | 0 | 0 |
| 8/16/2007 | 0.1 | 500 | 50 | 0 | 0 |
| 9/17/2007 | 0.1 | 500 | 50 | 0 | 0 |
| 10/4/2007 | 0.5 | 500 | 250 | 0 | 0 |
| 10/15/2007 | 0.2 | 500 | 100 | 0 | 0 |
| 10/15/2007 | 0.5 | 500 | 250 | 0 | 0 |
| 10/22/2007 | 0.8 | 500 | 400 | 0 | 0 |
| 10/25/2007 | 0.3 | 500 | 150 | 0 | 0 |
| 10/30/2007 | 0.5 | 500 | 250 | 0 | 0 |
| 11/5/2007 | 0.8 | 500 | 400 | 0 | 0 |
| 11/5/2007 | 0.2 | 500 | 100 | 0 | 0 |
| 11/6/2007 | 0.3 | 500 | 150 | 0 | 0 |
| 11/7/2007 | 0.1 | 500 | 50 | 0 | 0 |
| 11/7/2007 | 0.2 | 500 | 100 | 0 | 0 |
| 11/9/2007 | 0.5 | 500 | 250 | 0 | 0 |
| 11/13/2007 | 0.2 | 500 | 100 | 0 | 0 |
| 11/13/2007 | 0.2 | 500 | 100 | 0 | 0 |
| 11/16/2007 | 0.1 | 500 | 50 | 0 | 0 |

| Date | Billed Amount | Hourly Rate | Original Total | Adjusted Hours | Adjusted Amount for Inadequate Description |
|---|---|---|---|---|---|
| 11/29/2007 | 0.3 | 500 | 150 | 0 | 0 |
| 12/6/2007 | 0.3 | 500 | 150 | 0 | 0 |
| 12/20/2007 | 0.1 | 500 | 50 | 0 | 0 |
| 12/20/2007 | 0.2 | 500 | 100 | 0 | 0 |
| 12/29/2007 | 0.2 | 500 | 100 | 0 | 0 |
| 12/29/2007 | 0.1 | 500 | 50 | 0 | 0 |
| 1/14/2008 | 4.2 | 500 | 2100 | 0 | 0 |
| 1/23/2008 | 0.2 | 500 | 100 | 0 | 0 |
| 2/29/2008 | 0.2 | 500 | 100 | 0 | 0 |
| 3/14/2008 | 0.1 | 500 | 50 | 0 | 0 |
| 3/25/2008 | 0.1 | 500 | 50 | 0 | 0 |
| 3/26/2008 | 0.1 | 500 | 50 | 0 | 0 |
| 3/26/2008 | 0.3 | 500 | 150 | 0 | 0 |
| 4/3/2008 | 0.3 | 500 | 150 | 0 | 0 |
| 4/4/2008 | 0.3 | 500 | 150 | 0 | 0 |
| 4/11/2008 | 0.1 | 500 | 50 | 0 | 0 |
| 4/14/2008 | 0.4 | 500 | 200 | 0 | 0 |
| 4/14/2008 | 0.1 | 500 | 50 | 0 | 0 |
| 4/23/2008 | 0.3 | 500 | 150 | 0 | 0 |
| 4/24/2008 | 0.2 | 500 | 100 | 0 | 0 |
| 6/13/2008 | 0.6 | 500 | 300 | 0 | 0 |
| 6/16/2008 | 0.6 | 500 | 300 | 0 | 0 |
| 6/17/2008 | 0.2 | 500 | 100 | 0 | 0 |
| 6/17/2008 | 0.5 | 500 | 250 | 0 | 0 |
| 6/19/2008 | 0.1 | 500 | 50 | 0 | 0 |
| 6/25/2008 | 0.2 | 500 | 100 | 0 | 0 |
| 6/26/2008 | 0.2 | 500 | 100 | 0 | 0 |
| 6/30/2008 | 0.9 | 500 | 450 | 0 | 0 |
| 7/17/2008 | 0.2 | 500 | 100 | 0 | 0 |
| 7/23/2008 | 0.2 | 500 | 100 | 0 | 0 |
| 8/3/2008 | 0.3 | 500 | 150 | 0 | 0 |
| 8/5/2008 | 0.2 | 500 | 100 | 0 | 0 |
| 8/11/2008 | 0.1 | 500 | 50 | 0 | 0 |
| 8/11/2008 | 0.4 | 500 | 200 | 0 | 0 |
| 8/12/2008 | 0.1 | 500 | 50 | 0 | 0 |
| 8/22/2008 | 0.4 | 500 | 200 | 0 | 0 |
| 8/23/2008 | 0.1 | 500 | 50 | 0 | 0 |
| 8/23/2008 | 0.1 | 500 | 50 | 0 | 0 |
| 8/26/2008 | 0.5 | 500 | 250 | 0 | 0 |
| 8/26/2008 | 0.1 | 500 | 50 | 0 | 0 |
| 8/26/2008 | 0.1 | 500 | 50 | 0 | 0 |
| 8/26/2008 | 0.2 | 500 | 100 | 0 | 0 |
| 8/27/2008 | 0.2 | 500 | 100 | 0 | 0 |

| Date | Billed Amount | Hourly Rate | Original Total | Adjusted Hours | Adjusted Amount for Inadequate Description |
|---|---|---|---|---|---|
| 8/27/2008 | 0.8 | 500 | 400 | 0 | 0 |
| 8/28/2008 | 0.2 | 500 | 100 | 0 | 0 |
| 8/29/2008 | 0.5 | 500 | 250 | 0 | 0 |
| 8/29/2008 | 0.1 | 500 | 50 | 0 | 0 |
| 8/29/2008 | 0.3 | 500 | 150 | 0 | 0 |
| 9/7/2008 | 0.1 | 500 | 50 | 0 | 0 |
| 9/9/2008 | 1 | 500 | 500 | 0 | 0 |
| 9/12/2008 | 0.2 | 500 | 100 | 0 | 0 |
| 9/23/2008 | 0.3 | 500 | 150 | 0 | 0 |
| 10/5/2008 | 0.2 | 500 | 100 | 0 | 0 |
| 10/15/2008 | 0.2 | 500 | 100 | 0 | 0 |
| 10/20/2008 | 0.2 | 500 | 100 | 0 | 0 |
| 11/12/2008 | 0.4 | 500 | 200 | 0 | 0 |
| 11/20/2008 | 0.2 | 500 | 100 | 0 | 0 |
| 11/24/2008 | 0.1 | 500 | 50 | 0 | 0 |
| 1/2/2009 | 0.8 | 500 | 400 | 0 | 0 |
| 1/13/2009 | 0.1 | 500 | 50 | 0 | 0 |
| 3/2/2009 | 0.2 | 500 | 100 | 0 | 0 |
| 4/2/2009 | 0.2 | 500 | 100 | 0 | 0 |
| 4/7/2009 | 0.1 | 500 | 50 | 0 | 0 |
| 4/8/2009 | 0.1 | 500 | 50 | 0 | 0 |
| 6/24/2009 | 0.6 | 500 | 300 | 0 | 0 |
| 6/29/2009 | 0.5 | 500 | 250 | 0 | 0 |
| 7/8/2009 | 0.1 | 500 | 50 | 0 | 0 |
| 8/8/2009 | 0.3 | 500 | 150 | 0 | 0 |
| 3/25/2010 | 0.1 | 500 | 50 | 0 | 0 |
| 3/25/2010 | 0.1 | 500 | 50 | 0 | 0 |
| 3/21/2012 | 0.5 | 500 | 250 | 0 | 0 |
| 4/5/2012 | 0.1 | 500 | 50 | 0 | 0 |
| 3/6/2008 | 0.1 | 345 | 34.5 | 0 | 0 |
| 5/20/2008 | 0.1 | 345 | 34.5 | 0 | 0 |
| 3/13/2012 | 0.6 | 425 | 255 | 0 | 0 |
| 4/5/2012 | 0.3 | 425 | 127.5 | 0 | 0 |
| 4/16/2012 | 0.6 | 425 | 255 | 0 | 0 |
| 4/19/2012 | 0.6 | 425 | 255 | 0 | 0 |
| 4/29/2012 | 0.5 | 445 | 222.5 | 0 | 0 |
| | | | | | |
| TOTALS | 78.8 | | $39,117.00 | 14 | $7,000.00 |

|  |  |  | **APPENDIX B** |  |  |
|---|---|---|---|---|---|
| Date | Billed Amount | Hourly Rate | Original Total | Adjusted Hours | Adjusted Amount for Non-clerical work |
| 11/6/2006 | 1.8 | 165 | 297 | 1.4 | 231 |
| 11/7/2006 | 0.2 | 165 | 33 | 0 | 0 |
| 11/17/2006 | 6.6 | 165 | 1089 | 4 | 660 |
| 11/22/2006 | 5.2 | 165 | 858 | 3.5 | 577.5 |
| 11/27/2006 | 7.3 | 165 | 1204.5 | 5 | 825 |
| 12/1/2006 | 4.4 | 165 | 726 | 3 | 495 |
| 12/7/2006 | 4.7 | 165 | 775.5 | 2 | 330 |
| 12/8/2006 | 0.8 | 165 | 132 | 0.4 | 66 |
| 12/11/2006 | 1.2 | 165 | 198 | 0.6 | 99 |
| 12/14/2006 | 1.1 | 165 | 181.5 | 0.6 | 99 |
| 12/15/2006 | 3.7 | 165 | 610.5 | 2 | 330 |
| 12/18/2006 | 7.2 | 165 | 1188 | 5 | 825 |
| 12/19/2006 | 4.3 | 165 | 709.5 | 2 | 330 |
| 1/3/2007 | 0.3 | 165 | 49.5 | 0 | 0 |
| 1/23/2007 | 2 | 165 | 330 | 0 | 0 |
| 1/30/2007 | 0.4 | 165 | 66 | 0 | 0 |
| 1/31/2007 | 3.9 | 165 | 643.5 | 0 | 0 |
| 2/1/2007 | 2.8 | 165 | 462 | 1 | 165 |
| 2/7/2007 | 3.1 | 165 | 511.5 | 1.5 | 247.5 |
| 2/8/2007 | 5.4 | 165 | 891 | 3 | 495 |
| 2/9/2007 | 3.3 | 165 | 544.5 | 1.5 | 247.5 |
| 2/12/2007 | 7.5 | 165 | 1237.5 | 3 | 495 |
| 2/13/2007 | 6.3 | 165 | 1039.5 | 3 | 495 |
| 2/27/2007 | 2.1 | 165 | 346.5 | 1.4 | 231 |
| 2/28/2007 | 2.5 | 165 | 412.5 | 1 | 165 |
| 3/1/2007 | 0.7 | 165 | 115.5 | 0 | 0 |
| 3/14/2007 | 2.3 | 165 | 379.5 | 0 | 0 |
| 3/15/2007 | 6 | 165 | 990 | 0 | 0 |
| 3/16/2007 | 5 | 165 | 825 | 2.5 | 412.5 |
| 3/27/2007 | 0.2 | 165 | 33 | 0 | 0 |
| 3/28/2007 | 1.4 | 165 | 231 | 0 | 0 |
| 4/4/2007 | 0.2 | 165 | 33 | 0 | 0 |
| 4/5/2007 | 0.3 | 165 | 49.5 | 0.1 | 16.5 |
| 4/6/2007 | 4.7 | 165 | 775.5 | 1.5 | 247.5 |
| 4/6/2007 | 0.3 | 165 | 49.5 | 0 | 0 |
| 4/7/2007 | 3.4 | 165 | 561 | 0 | 0 |
| 4/9/2007 | 1.9 | 165 | 313.5 | 0 | 0 |
| 4/10/2007 | 2.3 | 165 | 379.5 | 0.5 | 82.5 |
| 4/11/2007 | 0.2 | 165 | 33 | 0 | 0 |
| 4/12/2007 | 0.2 | 165 | 33 | 0 | 0 |
| 4/18/2007 | 0.3 | 165 | 49.5 | 0.2 | 33 |
| 4/18/2007 | 1.3 | 165 | 214.5 | 0.7 | 115.5 |
| 4/20/2007 | 0.3 | 165 | 49.5 | 0.1 | 16.5 |

| Date | Billed Amount | Hourly Rate | Original Total | Adjusted Hours | Adjusted Amount for Non-clerical work |
|---|---|---|---|---|---|
| 4/23/2007 | 0.5 | 165 | 82.5 | 0.2 | 33 |
| 4/24/2007 | 0.3 | 165 | 49.5 | 0 | 0 |
| 4/26/2007 | 7.2 | 165 | 1188 | 7.1 | 1171.5 |
| 4/30/2007 | 0.2 | 165 | 33 | 0 | 0 |
| 4/30/2007 | 1.2 | 165 | 198 | 0.5 | 82.5 |
| 5/1/2007 | 0.1 | 165 | 16.5 | 0 | 0 |
| 5/2/2007 | 0.8 | 165 | 132 | 0.4 | 66 |
| 5/3/2007 | 0.9 | 165 | 148.5 | 0.5 | 82.5 |
| 5/4/2007 | 2.2 | 165 | 363 | 1 | 165 |
| 5/4/2007 | 2.7 | 165 | 445.5 | 2 | 330 |
| 5/7/2007 | 5.4 | 165 | 891 | 4 | 660 |
| 5/8/2007 | 6.3 | 165 | 1039.5 | 4 | 660 |
| 5/9/2007 | 6.8 | 165 | 1122 | 4 | 660 |
| 5/11/2007 | 3.3 | 165 | 544.5 | 1.5 | 247.5 |
| 5/14/2007 | 1.3 | 165 | 214.5 | 0.5 | 82.5 |
| 5/15/2007 | 6.4 | 165 | 1056 | 4 | 660 |
| 5/16/2007 | 1.6 | 165 | 264 | 0 | 0 |
| 5/18/2007 | 7.2 | 165 | 1188 | 3 | 495 |
| 5/20/2007 | 5.3 | 165 | 874.5 | 1 | 165 |
| 5/21/2007 | 1.5 | 165 | 247.5 | 0.2 | 33 |
| 5/23/2007 | 1.1 | 165 | 181.5 | 0 | 0 |
| 5/30/2007 | 7.5 | 165 | 1237.5 | 6 | 990 |
| 5/31/2007 | 5.9 | 165 | 973.5 | 3 | 495 |
| 6/1/2007 | 7.3 | 165 | 1204.5 | 1 | 165 |
| 6/6/2007 | 0.1 | 165 | 16.5 | 0 | 0 |
| 6/11/2007 | 7.2 | 165 | 1188 | 2 | 330 |
| 6/13/2007 | 8.2 | 165 | 1353 | 0 | 0 |
| 6/15/2007 | 7.3 | 165 | 1204.5 | 2 | 330 |
| 6/21/2007 | 7.6 | 165 | 1254 | 3 | 495 |
| 6/22/2007 | 8.1 | 165 | 1336.5 | 6 | 990 |
| 6/25/2007 | 6.8 | 165 | 1122 | 3 | 495 |
| 6/26/2007 | 3.4 | 165 | 561 | 3 | 495 |
| 6/27/2007 | 7.3 | 165 | 1204.5 | 2 | 330 |
| 6/28/2007 | 7.2 | 165 | 1188 | 5 | 825 |
| 7/2/2007 | 7.8 | 165 | 1287 | 4 | 660 |
| 7/3/2007 | 5.2 | 165 | 858 | 1 | 165 |
| 7/5/2007 | 7.5 | 165 | 1237.5 | 3 | 495 |
| 7/10/2007 | 1.2 | 165 | 198 | 0.5 | 82.5 |
| 7/24/2007 | 1.2 | 165 | 198 | 0 | 0 |
| 7/25/2007 | 0.7 | 165 | 115.5 | 0.2 | 33 |
| 7/26/2007 | 0.2 | 165 | 33 | 0 | 0 |
| 7/27/2007 | 2.7 | 165 | 445.5 | 0.7 | 115.5 |
| 7/30/2007 | 2.8 | 165 | 462 | 1 | 165 |
| 7/31/2007 | 3.9 | 165 | 643.5 | 0 | 0 |

| Date | Billed Amount | Hourly Rate | Original Total | Adjusted Hours | Adjusted Amount for Non-clerical work |
|---|---|---|---|---|---|
| 8/1/2007 | 0.5 | 165 | 82.5 | 0.2 | 33 |
| 8/10/2007 | 0.5 | 165 | 82.5 | 0 | 0 |
| 8/10/2007 | 2.5 | 165 | 412.5 | 0.5 | 82.5 |
| 8/21/2007 | 1 | 165 | 165 | 0 | 0 |
| 8/22/2007 | 1.8 | 165 | 297 | 0.4 | 66 |
| 8/24/2007 | 0.5 | 165 | 82.5 | 0 | 0 |
| 8/28/2007 | 0.2 | 165 | 33 | 0 | 0 |
| 8/30/2007 | 6.8 | 165 | 1122 | 1.5 | 247.5 |
| 9/4/2007 | 0.9 | 165 | 148.5 | 0.2 | 33 |
| 9/5/2007 | 0.5 | 165 | 82.5 | 0 | 0 |
| 9/7/2007 | 1.2 | 165 | 198 | 0 | 0 |
| 9/9/2007 | 1.1 | 165 | 181.5 | 0 | 0 |
| 9/11/2007 | 5.8 | 165 | 957 | 2.5 | 412.5 |
| 9/18/2007 | 7 | 165 | 1155 | 2.5 | 412.5 |
| 9/19/2007 | 4.4 | 165 | 726 | 1.5 | 247.5 |
| 9/20/2007 | 3.8 | 165 | 627 | 1.2 | 198 |
| 9/21/2007 | 3.5 | 165 | 577.5 | 1.5 | 247.5 |
| 9/24/2007 | 4.8 | 165 | 792 | 1.5 | 247.5 |
| 9/27/2007 | 4.7 | 165 | 775.5 | 3 | 495 |
| 9/28/2007 | 6.1 | 165 | 1006.5 | 1 | 165 |
| 10/2/2007 | 3.7 | 165 | 610.5 | 1 | 165 |
| 10/5/2007 | 6.2 | 165 | 1023 | 2 | 330 |
| 10/9/2007 | 3.6 | 165 | 594 | 3 | 495 |
| 10/10/2007 | 5.8 | 165 | 957 | 4.5 | 742.5 |
| 10/11/2007 | 4.4 | 165 | 726 | 4 | 660 |
| 10/12/2007 | 7.7 | 165 | 1270.5 | 7 | 1155 |
| 10/15/2007 | 3.1 | 165 | 511.5 | 1.7 | 280.5 |
| 10/19/2007 | 0.7 | 165 | 115.5 | 0 | 0 |
| 10/22/2007 | 1.3 | 165 | 214.5 | 0 | 0 |
| 10/23/2007 | 2.8 | 165 | 462 | 1 | 165 |
| 10/24/2007 | 1.2 | 165 | 198 | 0.5 | 82.5 |
| 10/26/2007 | 1.2 | 165 | 198 | 0.6 | 99 |
| 11/18/2007 | 1.8 | 165 | 297 | 0 | 0 |
| 11/19/2007 | 0.8 | 165 | 132 | 0.5 | 82.5 |
| 11/21/2007 | 0.5 | 165 | 82.5 | 0 | 0 |
| 11/27/2007 | 1.4 | 165 | 231 | 0 | 0 |
| 11/28/2007 | 2.8 | 165 | 462 | 1.8 | 297 |
| 11/30/2007 | 0.3 | 165 | 49.5 | 0.1 | 16.5 |
| 11/30/2007 | 1.4 | 165 | 231 | 1 | 165 |
| 12/3/2007 | 1.6 | 165 | 264 | 0.5 | 82.5 |
| 12/4/2007 | 0.3 | 165 | 49.5 | 0 | 0 |
| 12/11/2007 | 1.4 | 165 | 231 | 0.4 | 66 |
| 12/12/2007 | 0.9 | 165 | 148.5 | 0.3 | 49.5 |
| 12/18/2007 | 1.3 | 165 | 214.5 | 0 | 0 |

| Date | Billed Amount | Hourly Rate | Original Total | Adjusted Hours | Adjusted Amount for Non-clerical work |
|---|---|---|---|---|---|
| 12/20/2007 | 1.7 | 165 | 280.5 | 0.4 | 66 |
| 12/28/2007 | 0.7 | 165 | 115.5 | 0.5 | 82.5 |
| 1/4/2007 | 4.1 | 165 | 676.5 | 0 | 0 |
| 1/7/2008 | 2.8 | 165 | 462 | 0 | 0 |
| 1/9/2008 | 0.8 | 165 | 132 | 0.1 | 16.5 |
| 1/15/2008 | 1 | 165 | 165 | 0.1 | 16.5 |
| 1/22/2008 | 1.7 | 165 | 280.5 | 0 | 0 |
| 1/24/2008 | 0.5 | 165 | 82.5 | 0 | 0 |
| 1/30/2008 | 0.8 | 165 | 132 | 0.1 | 16.5 |
| 2/12/2008 | 5.7 | 165 | 940.5 | 4 | 660 |
| 2/20/2008 | 4.2 | 165 | 693 | 3 | 495 |
| 2/25/2008 | 2.2 | 165 | 363 | 0 | 0 |
| 3/10/2008 | 3.8 | 165 | 627 | 0 | 0 |
| 3/13/2008 | 4 | 165 | 660 | 0 | 0 |
| 3/16/2008 | 4 | 165 | 660 | 3 | 495 |
| 3/19/2008 | 3.7 | 165 | 610.5 | 3 | 495 |
| 4/2/2008 | 3.7 | 165 | 610.5 | 3 | 495 |
| 4/3/2008 | 0.2 | 165 | 33 | 0 | 0 |
| 4/21/2008 | 4.7 | 165 | 775.5 | 3 | 495 |
| 4/22/2008 | 5.6 | 165 | 924 | 4 | 660 |
| 4/28/2008 | 2.8 | 165 | 462 | 2 | 330 |
| 5/1/2008 | 5.7 | 165 | 940.5 | 4 | 660 |
| 5/2/2008 | 1.7 | 165 | 280.5 | 1.5 | 247.5 |
| 5/5/2008 | 5.9 | 165 | 973.5 | 4 | 660 |
| 5/9/2008 | 5.5 | 165 | 907.5 | 2 | 330 |
| 5/12/2008 | 3.4 | 165 | 561 | 2 | 330 |
| 5/13/2008 | 6.7 | 165 | 1105.5 | 5 | 825 |
| 5/20/2008 | 4.8 | 165 | 792 | 0 | 0 |
| 5/21/2008 | 11.1 | 165 | 1831.5 | 0 | 0 |
| 5/27/2008 | 0.7 | 165 | 115.5 | 0 | 0 |
| 5/28/2008 | 1.9 | 165 | 313.5 | 1 | 165 |
| 5/29/2008 | 3.5 | 165 | 577.5 | 0 | 0 |
| 6/18/2008 | 0.5 | 165 | 82.5 | 0 | 0 |
| 7/16/2008 | 0.5 | 165 | 82.5 | 0 | 0 |
| 4/2/2010 | 0.8 | 165 | 132 | 0 | 0 |
| 4/6/2010 | 0.9 | 165 | 148.5 | 0 | 0 |
| 4/9/2010 | 1.4 | 165 | 231 | 0 | 0 |
| 4/10/2010 | 0.4 | 165 | 66 | 0.2 | 33 |
| 4/11/2010 | 0.4 | 165 | 66 | 0.2 | 33 |
| 4/12/2010 | 2.9 | 165 | 478.5 | 1 | 165 |
| 4/13/2010 | 2.8 | 165 | 462 | 1 | 165 |
| 4/14/2010 | 1.2 | 165 | 198 | 0 | 0 |
| | | | | | |
| TOTALS | 533.7 | | $88,060.50 | 226.3 | $37,339.50 |

|  |  |  | APPENDIX C |  |  |
| --- | --- | --- | --- | --- | --- |
| Date | Billed Amount | Hourly Rate | Original Total | Adjusted Hours | Adjusted Amount for reasonableness |
| 5/19/2007 | 9.7 | 500 | 4850 | 8 | 4000 |
| 5/20/2007 | 10.1 | 500 | 5050 | 8 | 4000 |
| 5/21/2007 | 12 | 500 | 6000 | 9 | 4500 |
| 9/18/2009 | 8 | 500 | 4000 | 6 | 3000 |
| 4/9/2010 | 8.5 | 500 | 4250 | 8 | 4000 |
| 4/13/2010 | 5 | 500 | 2500 | 2 | 1000 |
| 4/13/2010 | 7 | 500 | 3500 | 4 | 2000 |
| 3/16/2011 | 8.9 | 500 | 4450 | 8 | 4000 |
| 10/5/2011 | 7.8 | 500 | 3900 | 6 | 3000 |
| 10/5/2011 | 8.2 | 500 | 4100 | 6 | 3000 |
| 10/8/2011 | 8.1 | 500 | 4050 | 6 | 3000 |
| 10/9/2011 | 9.7 | 500 | 4850 | 6 | 3000 |
| 10/10/2011 | 10.1 | 500 | 5050 | 6 | 3000 |
| 3/12/2012 | 9.2 | 500 | 4600 | 8 | 4000 |
| 3/13/2012 | 8.6 | 500 | 4300 | 8 | 4000 |
| 3/21/2012 | 8.2 | 500 | 4100 | 4 | 2000 |
| 3/22/2012 | 11.2 | 425 | 4760 | 8 | 3400 |
| 5/30/2012 | 11.1 | 425 | 4717.5 | 8 | 3400 |
| 6/18/2012 | 9.8 | 425 | 4165 | 6 | 2550 |
| 6/20/2012 | 9.8 | 425 | 4165 | 6 | 2550 |
| 7/2/2012 | 6.8 | 425 | 2890 | 4 | 1700 |
| 11/8/2012 | 1.6 | 425 | 680 | 0 | 0 |
|  |  |  |  |  |  |
| TOTALS | 189.4 |  | $90,927.50 | 135 | $65,100.00 |