WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leroy Haeger, et al., | No. CV-05-02046-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Goodyear Tire & Rubber Company, et al., | |
| Defendants. | |

Pending before the Court are Spartan Motor's brief regarding its procedural status, (Doc. 1194), Plaintiffs' motion to expand the record, (Doc. 1197), and Defendant Goodyear's motion to seal, (Doc. 1214). The Court denies Spartan Motor's request in its brief, denies Plaintiffs' motion, and grants Defendant's motion.

## BACKGROUND

Plaintiffs Leroy, Donna, Barry, and Suzanne Haeger sued Goodyear Tire, Spartan Motors, and other defendants when their family's motorhome swerved off the road and flipped over due to a failure of a Goodyear G159 tire. The parties in this case regularly refer to this lawsuit as "*Haeger* I." After several years of litigation, the parties settled the lawsuit in 2010.

Nearly a year after settling this suit, the Haegers filed a motion for sanctions against Goodyear due to extensive bad faith discovery fraud. (Doc. 938). Defendant Spartan Motors joined the Haegers' request, arguing that Goodyear's discovery fraud also harmed Spartan. (Docs. 966, 1048). On November 8, 2012, Judge Silver granted the Haegers' motion and sanctioned Goodyear, but she rejected Spartan's request for

sanctions because Spartan did not serve discovery and did not point to specific evidence showing that it relied on Goodyear's representations. (Doc. 1073 at 65–66). Eighteen days after this order, Spartan requested an extension of time to present evidence that it was harmed by Goodyear's fraud. (Doc. 1074). Judge Silver granted the motion, and Spartan filed supplemental affidavits on December 13, 2012. (Doc. 1083). Goodyear sought clarification that the supplemental affidavits would be treated as a motion for reconsideration under Local Rule 7.2(g). (Doc. 1088). While Spartan prepared its supplemental affidavits, Goodyear and its lawyers appealed Judge Silver's decision to award sanctions. (Docs. 1078–1080). The Ninth Circuit denied this initial request for lack of jurisdiction until a specific monetary award was granted as part of the sanctions. (Doc. 1120). Thereafter, Judge Silver agreed to treat Spartan's supplement as a motion for reconsideration, but she hesitated to rule on it due to Goodyear's appeal of the decision to award sanctions, even though the Ninth Circuit had already temporarily denied review of Goodyear's appeal. (Doc. 1121). Judge Silver subsequently entered judgment and ordered Goodyear and its attorneys to pay a certain amount of sanctions. (Doc. 1125). Goodyear appealed these sanctions to the Ninth Circuit and Supreme Court, but Spartan did not take any further action.

Separately in the 2012 sanctions proceedings, the Haegers and Spartan alleged that Goodyear fraudulently induced the settlement of *Haeger* I. Because *Haeger* I "ha[d] long been closed and it would be inappropriate to allow Plaintiffs to litigate their fraud claims here[,]" the Court did not consider the issue and instead stated that the Plaintiffs "may wish to . . . pursue an independent cause of action for fraud . . . ." (Doc. 1073 at 52). The Court also stated that "Spartan likely would have a viable case of fraud against Goodyear based on Goodyear's misrepresentations, but that claim should be litigated in as [sic] separate action where Spartan can introduce evidence regarding all the G159 litigation it was involved in over the years." (Doc. 1073 at 66).

Plaintiffs pursued this independent cause of action for fraudulent inducement in Arizona state court. The parties typically refer to this separate suit as *Haeger* II. During

discovery in *Haeger* II, Plaintiffs acquired additional evidence of potential discovery abuse in the *Haeger* I proceedings. In April 2017, the parties entered a settlement agreement to resolve *Haeger* II. (Doc. 1198, Exh. 48). In the agreement, Plaintiffs promised to completely release Defendants from any and all claims, including any alleged failure to disclose during *Haeger* I, "excluding only the attorney fee claims currently pending before the U.S. Supreme Court." (Doc. 1198, Exh. 48).

Eventually, the United States Supreme Court considered the District Court's and Ninth Circuit's legal standard in calculating the *Haeger* I sanctions against Goodyear. In its review, the Supreme Court ruled in favor of Goodyear and remanded for additional proceedings. Because the Plaintiffs argued that Goodyear waived any challenge to the calculation of a predetermined contingency award, in its remand, the Supreme Court said "[t]he possibility of waiver should therefore be the initial order of business below. If a waiver is found, that is the end of this case." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1190 (2017). The Court then held a status conference with the parties and directed them to first brief whether Goodyear waived objections to Judge Silver's calculation of the contingent award, and second, whether the Court should reopen the record. The Court considered the first issue and found that Goodyear waived any challenge to the calculation of the contingent award. (Doc. 1186). Presently, the Court considers whether it is appropriate to reopen the record to consider additional evidence of Goodyear's discovery abuse, and separately, whether Spartan Motor's failure to appeal has foreclosed any present opportunity to seek sanctions against Goodyear in this suit.

**DISCUSSION**

**I.      Reopening the Record**

Defendant Goodyear argues that the settlement agreement in *Haeger* II precludes the Haegers from asking this Court to reopen the record in pursuit of additional sanctions. Under Arizona law, settlement agreements are ordinary contracts. *Employers Mut. Casualty Co. v. McKeon*, 170 Ariz. 75, 79 (App. 1991). Courts give effect to the contract as it is written, and clear and unambiguous terms are conclusive. *Shattuck v. Precision*

*Toyota, Inc.*, 115 Ariz. 586, 588 (1977) (quoting *Goodman v. Newzona Investment Co.*, 101 Ariz. 470, 472, 421 P.2d 318, 320 (1966). "The intent of the parties, as ascertained by the language used, must control the interpretation of the contract." *Id*.

The settlement agreement is clear. In the recitals and definitions, the agreement defines "Haeger Sanctions Proceedings" as the "post-settlement proceedings" of the Haeger accident dispute "which remain pending in the Supreme Court of the United States." (Doc. 1198, Exh. 48 at 1). The settlement agreement intended to cover "all claims brought by or which could be brought by Plaintiffs against Defendants" except it "does not encompass any claims pending in the Haeger Sanctions Proceedings that are currently pending before the Supreme Court of the United States." (Doc. 1198, Exh. 48 at 1–2). The next section describes that the Plaintiffs promise to "completely release and forever discharge Defendants . . . from any and all past, present or future claims" including "alleged acts or omissions, disclosures or failure to disclose of Defendants and/or their representatives during *Haeger* I and/or the *Haeger* Sanction Proceedings, excluding only the attorney fee claims currently pending before the U.S. Supreme Court." (Doc. 1198, Exh. 48 at 2–3). The next section additionally precludes Plaintiffs from participating in "a suit, demand or claim, or executing on any judgment or order, except for the attorney fee claims of the Haeger I Sanctions Proceedings currently pending before the U.S. Supreme Court, against the Defendants." (Doc. 1198, Exh. 48 at 3). The settlement agreement settled all claims, including the deceptions surrounding *Haeger* I which was the underlying focus of *Haeger* II, and carved out as an exception only the attorney fee claims pending at that time before the Supreme Court.

At the time of the settlement agreement, the U.S. Supreme Court was considering the $2.7 million award and the issue of causation in the calculation of civil sanctions. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178 (2017). The Supreme Court did not consider the additional fraud uncovered in the *Haeger* II lawsuit which Plaintiffs request the Court to now consider in expanding the sanctions award. Neither the additional fraud nor an expansion of the sanctions award was ever pending before the

- 4 -

Supreme Court.

Additionally, Arizona law gives effect to every word in a contract and interprets contracts in such a way to give meaning to all of its terms. *Hamberlin v. Townsend*, 76 Ariz. 191, 196 (1953); *Gfeller v. Scottsdale Vista N. Townhomes Ass'n*, 193 Ariz. 52, 54 (App. 1998). When the settlement agreement preserves only "claims . . . that are currently pending before the Supreme Court of the United States" (Doc. 1198, Exh. 48 at 2), the Court cannot give meaning to that phrase without defining the preserved claims according to the claims that are actually before the Supreme Court.

Accordingly, the settlement agreement precludes Plaintiffs from reopening the record with potentially newly found deceptions for the purpose of expanding the sanctions award. The Court denies Plaintiffs' motion to expand the record.[1]

## II. Goodyear's Motion to Seal

Plaintiffs filed a supplemental statement of facts containing 111 exhibits to support its motion to expand the record. (Doc. 1198). Plaintiffs originally filed an unopposed motion to file the supplemental statement of facts under seal, (Doc. 1195), which the Court denied for failure to address the requirements for filing under seal set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Defendant Goodyear now seeks a motion to seal only twelve of these 111 documents, which the Plaintiffs now oppose.

Historically, courts recognize a "right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) (footnotes and internal citations omitted). Even "[t]he fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). Motions to seal in the Ninth Circuit are governed by two standards. In

---

[1] Because the Court finds that the settlement agreement precludes Plaintiffs' subsequent claims, the Court need not consider the arguments concerning the Court's inherent power to sanction, the Mandate rule, or the Court's previous rulings concerning discovery of "Other Similar Incidents" in *Haeger* I.

light of history and the public policies favoring disclosure, a party seeking to seal most judicial records must articulate "compelling reasons" supported by "specific factual findings" to overcome the presumption of access. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In contrast, the sealed filing of documents attached to non-dispositive motions are governed by a lesser "good cause" standard because those documents are often "unrelated, or only tangentially related, to the underlying cause of action." *Phillips,* 307 F.3d at 1213. In Goodyear's case, the disputed documents are attached to a motion to expand the record, which is not outcome determinative, and the "good cause" standard applies.

Whether "good cause" exists to protect information from being disclosed to the public requires the district court to balance the needs for discovery against the need to protect the information from being disclosed to the public. *Phillips,* 307 F.3d at 1213. Because the Court found that the settlement agreement precluded Plaintiffs from expanding the record in this case, the documents in the supplemental statement of facts were only tangential to the Court's decision and were not necessary for discovery in this case. Goodyear has presented several arguments to justify a seal of the twelve exhibits, including that the exhibits are sealed as part of a protective order in state court, are to remain sealed pending review at the state court of appeals, and a stay pending appeal on the confidentiality issue apparently remains in place in the state court proceedings. (Doc. 1214, Exh. 4). Considering the state court's directive to keep these documents under seal, and the relative lack of need for the Court to address the documents in its present decision, the Court finds good cause to seal the documents and grants Defendant Goodyear's motion to seal.

### III. Spartan's Procedural Status

Further, Spartan's failure to appeal Judge Silver's sanctions decisions forecloses it from seeking sanctions against Goodyear. (Doc. 1194). Spartan asks the Court to treat its December 13, 2012 supplemental affidavits as a Rule 59(e) motion to alter or amend a judgment, or as a Rule 60(b) motion for relief from a judgment or order. (Doc. 1194).

Spartan states that because Judge Silver never explicitly filed an order in response to what was titled a "supplemental pleading," the Federal Appellate Rule requiring a notice of appeal to be filed within thirty days after entry of the judgment or order, Fed. R. App. P. 4(a)(1)(A), does not apply.

The supplemental pleadings are not Rule 59(e) or Rule 60(b) motions. The Federal Rules clearly states that "[a] court must not extend the time to act under Rules . . . 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b)(2). Therefore, the Court would not have granted Spartan's request for an extension of time, (Doc. 1074), if the supplemental pleadings were to be interpreted as a Rule 59(e) or Rule 60(b) motion.[2] Further, the Court already determined that the pleadings would likely be considered as a motion for reconsideration under Local Rule 7.2(g), (Doc. 1121), even though Spartan requested the extension of time to file affidavits eighteen days after the underlying motion, and the deadline to file a motion for reconsideration is fourteen days. L.R. Civ. 7.2(g).

The denial of a motion "need not be express but may be implied" and a party may not use a "lurking motion, filed before the entry of judgment, as a means of extending the time for appeal." *Agostino v. Ellamar Packing Co., Inc.*, 191 F.2d 576, 577 (9th Cir. 1951); *see also Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991) (finding that the district court implicitly denied a motion for leave to amend a complaint when it granted another party's motion for summary judgment). The District Court denied Spartan's request for sanctions against Goodyear on November 8, 2012. (Doc. 1073 at 65–66). Any potential request in Spartan's supplemental affidavits was impliedly denied when the Clerk of Court entered judgment on August 26, 2013. (Doc. 1126). Spartan may not now reopen claims against Goodyear or extend its time for appeal five years later due to its filing of supplemental affidavits.

///

///

---

[2] Additionally, if the supplement pleadings were considered as a motion under Rule 59(e), it would have been untimely, because it was filed on December 13, 2012, more than twenty-eight days after the entry of judgment as required by the rule.

- 7 -

**IT IS HEREBY ORDERED** that:

1. Spartan Motor's request for the Court to reconsider its claim for sanctions against Defendant Goodyear (Doc. 1194) is **DENIED.**

2. Plaintiffs' Motion to Expand the Record (Doc. 1197) is **DENIED**.

3. Defendant Goodyear's Motion to Seal (Doc. 1214) will be granted upon compliance with Local Rule 5.6 requiring that the documents subject to a motion to seal must be lodged with the Court separately. In the Lodged Exhibits at (Docs. 1199 and 1200), the exhibits to be filed under seal (18, 23, 47, 48, 61, 69, 73, 78, 86, 90, 91, and 93) must be lodged separately from the remaining exhibits to be filed as public record. Once the exhibits to be to be filed under seal are lodged in a separate document, the Clerk of Court will be directed to file them under seal.

Dated this 15th day of August, 2018.

*G. Murray Snow*
Honorable G. Murray Snow
United States District Judge