David L. Kurtz – 007433
dkurtz@kurtzlaw.com
THE KURTZ LAW FIRM
7420 East Pinnacle Peak Road, Suite 128
Scottsdale, Arizona 85255
Telephone: (480) 585-1900

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Leroy and Donna Haeger, husband and wife; Barry and Suzanne Haeger, husband and wife; Farmers Insurance Company of Arizona, an Arizona corporation, | No. 2:05-cv-02046- GMS |
| Plaintiffs, | **THE HAEGERS' MOTION FOR RECONSIDERATION** |
| vs. | |
| Goodyear Tire and Rubber Company, an Ohio corporation; Spartan Motors, Inc., a Michigan corporation; and Gulfstream Coach, Inc., an Indiana corporation, | |
| Defendants. | |

Pursuant to LRCiv. 7.2(g), the Haegers request reconsideration of the Court's August 15, 2018, Order.  [Doc. 1223]

- **LAW:**

With all due respect for the Court, and in full recognition of the limited circumstances that justify reconsideration of any court order, the Court's analysis fails to address the agreed-upon limited nature of the Release.  The Local Rules instruct that this is the time to advise the Court of this circumstance and request reconsideration of matters not addressed by the Court's Order.  Reconsideration is the appropriate request when there is a disregard of undisputed evidence in the record or the Court has either overlooked or misapprehended that evidence.  *Estrada v. Basha's, Inc.*, 2014 W.L. 1319189 (Dist. Ariz. 2014).

1    The Court's analysis overlooked the controlling language of the Release,

2  which limits its scope to only release claims "which were or could have been made in

3  the Lawsuit" (defined as *Haeger* II), which effectively excludes any sanction claim

4  from *Haeger* I as such claim could not be presented to the Superior Court.   The

5  Court's analysis also mistakenly concludes that the United States Supreme Court's

6  attorney fees decision remained "pending" at the time the Release was signed on

7  April 26, 2017.   The Supreme Court issued its opinion April 18, 2017 (eight days

8  prior to execution of the Release determining the case would be remanded "for

9  further proceedings").   *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178,

10  1190 (2017).   The only matters which remained "pending" before that Court were an

11  assessment of costs, the issuance of the Court's judgment and formal remand to the

12  Ninth Circuit, which occurred on May 25, 2017, returning the case "for further

13  proceedings" (Exhibit 1, attached).   This misunderstanding lead the Court to

14  conclude:

15
16    When the settlement agreement preserves only "claims … that are
   currently pending before the Supreme Court of the United States"
   (Doc. 1198, Ex. 48 at p. 2) the Court cannot give meaning to that
17    phrase without defining the preserved claims according to the claims
   that are actually before the Supreme Court.

18  (Doc. 1223 at p. 5.)

19    The attorney fee issue which was presented to the Supreme Court on the

20  limited record which existed had been decided before the Release was agreed upon

21  and was no longer "pending," in the sense that it remained undecided.   The Release

22  carved out "the attorney fee claims of the [post settlement proceedings of *Haeger* I in

23  the United States District Court].[1]

24

25

26

27

---

28  [1] This is the definition of the *Haeger* Sanction Proceedings.

- **THE RELEASE WAS LIMITED TO ONLY THOSE CLAIMS THAT WERE OR COULD HAVE BEEN MADE IN THE LAWSUIT (*HAEGER* II), FILED IN THE MARICOPA COUNTY SUPERIOR COURT:**

The Release states:

Plaintiffs … release … Defendants … from any and all … claims … which were or could have been made in the Lawsuit….

*(The rest of the sentence in ¶ 1(a) of the Release serves only to further define this limitation without expanding its scope.)*  [Doc. 1198, Ex. 48, pp. 2-3.]

While the Court held that clear terms are conclusive and the intent of the parties "ascertained from the language used" controls interpretation, the Court fails to reference the precise language which limited the scope of the Release, erroneously concluding:

The Settlement Agreement intended to cover "all claims brought by or which could be brought by the Plaintiffs against the Defendants" …. [Doc. 1223, p. 4.]

The omission of any reference to the language that limits the scope of the Release to only claims which "were or could have been *made in the Lawsuit*" fails to give meaning to this express limitation specified in the contract.  The remaining terms must be interpreted in a fashion which preserves this central limitation of the Agreement.  As this Court held, "Arizona law gives effect to every word in a contract and interprets contracts in such a way to give meaning to all its terms."  [Doc. 1223 at p. 5.]  Though the Court concludes the language released further claims for sanctions, it is indisputable that the Maricopa County Superior Court (the Lawsuit) was without capacity to sanction Goodyear for the newly discovered frauds upon the District Court (no such claim was or could have been made in *Haeger* II).[2]  This is the identical circumstance which Judge Silver addressed.  "The Court cannot … issue sanctions based on actions taken in other cases."  *Haeger v. Goodyear,* 906 F.

---

[2] The only attorney fee claims that were or could have been made in the Lawsuit were those allowed for a prevailing party arising out of a contract, per A.R.S. §12-341.01, which were released, as opposed to an assessment of fees as a sanction.

1  Supp.2d 938, 954 (D. Ariz. 2012).  The Release did not apply to sanction claims

2  which the Haegers were prohibited from presenting until the *Haeger* Sanction

3  Proceedings were formally remanded to the District Court.

4      • **THE RELEASE WAS AGREED UPON AFTER THE UNITED STATES
         SUPREME COURT DETERMINED THE CASE WOULD BE REMANDED FOR
5        FURTHER PROCEEDINGS:**

6          The Supreme Court's Opinion, issued on April 18, 2017, made clear that

7  *Haeger* I would soon be remanded for further proceedings.  The Release and

8  Settlement Agreement was thereafter agreed-upon on April 26, 2017.  When the

9  Release was executed the parties knew the case would return to the District Court for

10 further proceedings, including the need to address the issues which remained pending

11 as of the date Goodyear commenced its appeal in 2013 (due to a loss of jurisdiction)

12 and the newly discovered frauds which were to be presented to this Court for its

13 consideration.  As the Supreme Court made clear, "we are a court of review, not of

14 first view."  *Goodyear v. Haeger*, 137, S. Ct. 1178, 1190 (2017).[3]

15     • **THE COURT'S ORDER fails TO GIVE A temporal INTERPRETATION TO
16       THE TERMS OF THE RELEASE:**

17         The Release Definitions specified:

18     *"Haeger Sanction Proceedings"* means the post-settlement
       proceedings of *Haeger* I in the United States District Court, District of
       Arizona ***and*** which remain pending in the Supreme Court of the
19     United States.  [Doc. 1198, Exh. 48, p. 1, ¶ C.]

20         When the Release was signed following the Supreme Court decision, the

21 parties knew that the post-settlement proceedings of *Haeger* I would continue ***and*** all

22 that remained "pending" were various ministerial acts associated with the remand

23 "for further proceedings."  (*See* Exhibit 1.)  This definition is an accurate statement

24 of fact and cannot be interpreted so as to defeat nor expand the specific provision

25

26
_____

27 [3] The Supreme Court's comments are limited to the record it was presented.  Only
   Goodyear knew the record presented to the appellate courts was misleading, and
28 woefully incomplete.  Only this Court has the power to address those deceptions.

1   which limits the Release to claims which were or could have been made in the

2   Lawsuit.

3   The Release language which states that the "Haeger Sanction Proceedings are

4   not impacted by this settlement" (¶ 1(d)) must also be read and interpreted in accord

5   with the temporal context.   The parties understood that the "post-settlement

6   proceedings" would continue, thus preserving the Haegers' capacity to supplement

7   the record with newly discovered frauds on the Court, which justify the Court's

8   consideration of an expanded fee award.  The yet to be undertaken mandate analysis

9   too yields a result consistent with the terms of the Release and the parties' agreement.

10   When this Court considers the temporal context of the Release, the remaining

11   agreed-upon terms all clearly preserve the Haegers' right to pursue further claims for

12   attorney fee sanctions.

13   - **THE COURT OMITS ANY ANALYSIS OF SANCTIONS FOR CONTINUOUS, PREVIOUSLY UNKNOWN, FRAUDS UPON THE DISTRICT COURT, AND THE SEPARATE REQUEST FOR SANCTIONS UNRELATED TO ANY FEE AWARD:**

14

15   The Court found that "because the Settlement Agreement precludes Plaintiffs'

16   subsequent claims, the Court need not consider argument concerning the Court's

17   inherent power to sanction.   (Doc. 1223, p. 5.)   The 200+ paragraphs in the

18   Supplemental Statement of Facts set forth in precise detail how Goodyear defrauded

19   the Court through years of deceptive representations and false declarations.   The

20   Motion at issue requested that the Court address these facts and craft a remedy,

21   separate from any fee award, for those abuses which have made a mockery of the

22   Federal Courts involved in *Haeger* proceedings during the last 13 years.  [*See* Doc.

23   1197 at pp. 25-30; Doc. 1212 at pp. 10-11.]  The Settlement Agreement is irrelevant

24   to this analysis.

25   **CONCLUSION:**

26   The Court is respectfully requested to reconsider its analysis.

27

28

1

RESPECTFULLY SUBMITTED this 29th day of August, 2018.

2

THE KURTZ LAW FIRM

3

4

By: _____ /s/ *David L. Kurtz*_____
      David L. Kurtz

5

      7420 East Pinnacle Peak Road, Suite 128
      Scottsdale, AZ    85255

6

      *Attorneys for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>CERTIFICATE OF SERVICE</u>**

2

☒     I hereby certify that on August 29, 2018, I electronically transmitted the
attached document to the Clerk's Office using the CM/ECF System for filing

3

and transmittal of a Notice of Electronic Filing to the following CM/ECF
registrants:

4

5

Jill G. Okun
jill.okun@porterwright.com
PORTER WRIGHT MORRIS & ARTHUR LLP

6

950 Main Avenue, Suite 500
Cleveland, OH    44113-7206

7

8

George Brandon
George.brandon@squiresanders.com
Kerryn L. Holman

9

Kerryn.holman@squirebp.com
SQUIRE SANDERS (US) LLP

10

One East Washington Street, Suite 2700
Phoenix, AZ    85004

11

12

James R. Condo
jcondo@swlaw.com
Lisa M. Coulter

13

lcoulter@swlaw.com
SNELL & WILMER, LLP

14

One Arizona Center
400 East Van Buren

15

Phoenix, AZ    85004-2202

16

Lisa G. Lewallen
lisa@lewallenlaw.com

17

LISA G. LEWALLEN, PLLC
P. O. Box 33430

18

Phoenix, AZ    85067

19

Mark I Harrison
mharrison@omlaw.com

20

Jeffrey B. Molinar
jmolinar@omlaw.com

21

OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100

22

Phoenix, AZ    85012-2793

23

☐     I hereby certify that on August 29, 2018, I served the attached document by

24

mail on the following, who are not registered participants of the CM/ECF
System:

25

26

27

28

By____/s/ *K. C. Rusboldt*_____

# EXHIBIT 1

# Supreme Court of the United States

No.   15-1406

## THE GOODYEAR TIRE & RUBBER COMPANY,

Petitioner

v.

## LEROY HAEGER, ET AL.

**ON WRIT OF CERTIORARI** to the United States Court of Appeals for the Ninth Circuit.

**THIS CAUSE** came on to be heard on the transcript of the record from the above court and was argued by counsel.

**ON CONSIDERATION WHEREOF**, it is ordered and adjudged by this Court that the judgment of the above court is reversed with costs, and the case is remanded to the United States Court of Appeals for the Ninth Circuit for further proceedings consistent with the opinion of this Court.

**IT IS FURTHER ORDERED** that petitioner The Goodyear Tire & Rubber Company recover ***one-half costs*** from Leroy Haeger, et al., of Two Thousand Seven Hundred and Twenty-four Dollars and Forty-eight Cents ($2,724.48) for costs herein expended.

April 18, 2017

**Justice Gorsuch took no part in the consideration or decision of this case.**

| | |
|---|---|
| **Printing of record:** | **$5,148.97** |
| **Clerk's costs:** | **300.00** |
| **Total:** | **$5,448.97** |
| ***One-half costs:*** | **$2,724.48** |



A True copy SCOTT S. HARRIS
Test
Clerk of the Supreme Court of the United States

By: _____

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC 20543-0001

**Scott S. Harris**
Clerk of the Court
(202) 479-3011

May 22, 2017

Mr. Pierre H. Bergeron, Esq.
Squire Patton Boggs (US) LLP
2550 M Street, N. W.
Washington, D. C. 20037

      **Re:  The Goodyear Tire & Rubber Company**
           **v. Leroy Haeger, et al.,**
           **No. 15-1406**

Dear Mr. Bergeron:

      Attached please find a certified copy of the judgment of this Court in the above-entitled case.  You may obtain a copy of the opinion by visiting our website, http://www.supremecourt.gov.

      The petitioner is given recovery of ***one-half*** costs in this Court as follows:

| | |
|---|---|
| **Printing of record:** | **$5,148.97** |
| **Clerk's costs:** | **300.00** |
| **Total:** | **$5,448.97** |
| ***One-half costs:*** | **$2,724.48** |

      This amount may be collected from the respondents.

                        Sincerely,

                        SCOTT S. HARRIS, Clerk

                        By

                        Herve' Bocage
                        Judgments/Mandates Clerk

Enc.
cc:     Mr. John J. Egbert, Esq.
        Mr. Andrew M. Jacobs, Esq.

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC 20543-0001

**Scott S. Harris**
Clerk of the Court
(202) 479-3011

May 22, 2017

Clerk
United States Court of Appeals
  for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
P.O. Box  193939
San Francisco, CA 94119-3939

      Re:  **The Goodyear Tire & Rubber Company
           v.  Leroy Haeger, et al.,
           No. 15-1406 (Your docket Nos. 12-17718, 13-16801,
           13-16861, 13-16862)**

Dear Clerk:

      Attached please find a certified copy of the judgment of this Court in the above-entitled case.  You may obtain a copy of the opinion by visiting our website, http://www.supremecourt.gov.

                        Sincerely,

                        SCOTT S. HARRIS, Clerk

                        By

                        Herve' Bocage
                        Judgments/Mandates Clerk

Enc.
cc:    Mr. Pierre H. Bergeron, Esq.
        Mr. John J. Egbert, Esq.
        Mr. Andrew M. Jacobs, Esq.

# PROPOSED ORDER

1

2

3

4

5

6                                  **UNITED STATES DISTRICT COURT**

7                                        **DISTRICT OF ARIZONA**

8   Leroy and Donna Haeger, husband and wife;              No. 2:05-cv-02046- GMS
    Barry and Suzanne Haeger, husband and
9   wife;  Farmers  Insurance  Company  of
    Arizona, an Arizona corporation,                       **ORDER RE PLAINTIFFS'**
10                                                          **MOTION FOR**
                            Plaintiffs,                    **RECONSIDERATION**
11  vs.

12  Goodyear Tire and Rubber Company, an
    Ohio corporation; Spartan Motors, Inc., a
13  Michigan    corporation;    and   Gulfstream
    Coach, Inc., an Indiana corporation,
14
                            Defendants.
15

16

17        The Court is in receipt of Plaintiffs' Motion for Reconsideration.  If Defendant

18  Goodyear Tire & Rubber Company wishes to file a Response they may do so no later

19  than 14 days from the date of this Order.

20

21

22

23

24

25

26

27

28