1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9  Leroy Haeger, et al.,                              No. CV-05-02046-PHX-GMS

10               Plaintiffs,                          **ORDER**

11  v.

12  Goodyear Tire & Rubber Company, et al.,

13               Defendants.

14

15         Pending before the Court is Plaintiffs Leroy and Donna Haeger, Barry and Suzanne

16  Haeger, and Farmers Insurance Company of Arizona's (collectively, "Haegers") Motion

17  to Establish the Remaining Amount of the Contingent Sanction. (Doc. 1229.)  Also before

18  the Court is Defendant Goodyear Tire & Rubber Company's ("Goodyear") Motion for

19  Leave to File Sur-Reply Instanter or Alternatively for Oral Argument. (Doc. 1232.)  For

20  the following reasons, the Haegers' Motion is granted in part and denied in part and

21  Goodyear's Motion is denied as moot.[1]

22                                    **BACKGROUND**

23         The Haegers filed a product liability suit against Goodyear in 2005.  Goodyear was

24  represented by Graeme Hancock of Fennemore Craig, P.C. and Basil Musnuff of Roetzel

25  & Andress.  On November 8, 2012, the Court awarded sanctions against Mr. Hancock, Mr.

26

27  ───────────────
[1]   As the Court did not require Goodyear's Sur-Reply to make its determination,
    Goodyear's Motion is denied as moot.  Additionally, Goodyear's request for oral argument
28  is denied because the parties have had an adequate opportunity to discuss the law and
    evidence and oral argument will not aid the Court's decision.  *See Lake at Las Vegas Invs.
    Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

1    Musnuff, and Goodyear for discovery-related misconduct in the suit.  (Doc. 1073.)  The

2    Court found that Mr. Hancock, Mr. Musnuff, and Goodyear all engaged in sanctionable

3    behavior.  *Id.* at 56.  The Court concluded that Mr. Hancock was responsible for twenty

4    percent of Plaintiffs' fees and costs and that Mr. Musnuff and Goodyear would be "held

5    jointly responsible for eighty percent of the fees."  *Id.* at 64.  The Court explained that it

6    made this allocation "based on its belief that Mr. Hancock is less culpable but Mr. Musnuff

7    and Goodyear are equally culpable."  *Id.*

8         On August 26, 2013, the Court entered a sanctions judgment against Mr. Hancock

9    in the amount of $548,240.23 and against Mr. Musnuff and Goodyear in the amount of

10   $2,192,960.93, totaling $2,741,201.16 in attorneys' fees and costs.  (Doc. 1125.)  In the

11   same order, the Court also entered a contingent award of $2,018,794.64 in case "a direct

12   linkage between the misconduct and harm is required."  *Id.* at 7, 11.  Goodyear appealed

13   the sanctions award to the Ninth Circuit, (Doc. 1127), which was affirmed, *Haeger v.*

14   *Goodyear Tire & Rubber Co.*, 813 F.3d 1233 (9th Cir. 2016).  Goodyear then sought further

15   review from the United States Supreme Court.

16        During this time, the Haegers also pursued a lawsuit against Goodyear, Mr.

17   Musnuff, Roetzel & Andress, Mr. Hancock, and Fennemore Craig in Maricopa County

18   Superior Court for damages caused by the misconduct in the federal proceedings.  In 2016,

19   prior to the United States Supreme Court's ruling, Mr. Musnuff and Roetzel & Andress

20   settled the state lawsuit with the Haegers.  As part of the settlement, Mr. Musnuff and

21   Roetzel & Andress agreed to pay $1.1 million "in full satisfaction of their share" of the

22   sanctions awarded by the Court in the federal proceeding.  (Doc. 1229, Ex. 1.)

23        In 2017, the Supreme Court reversed and remanded the Court's sanctions award,

24   finding that "[a] sanctioning court must determine which fees were incurred because of,

25   and solely because of, the misconduct at issue."  *Goodyear Tire & Rubber Co. v. Haeger*,

26   137 S. Ct. 1178, 1189 (2017).  The Supreme Court, however, deferred on whether to accept

27   the contingent award and instructed the Court to consider whether Goodyear waived its

28   ability to challenge it on remand.  *Id.* at 1190.  On March 7, 2018, the Court found that

1    Goodyear waived its objections to the contingent award. (Doc. 1186 at 10.)  The Court

2    also determined that Goodyear is vicariously liable for the conduct of its attorneys.  *Id.* at

3    7.

4            As of this Order, Goodyear has yet to pay any portion of the contingent award.

5    (Doc. 1229 at 2.)  The Haegers now move for the Court to determine how much of the

6    contingent award Goodyear must pay.

7                                              **DISCUSSION**

8            The Court found that both Mr. Musnuff and Goodyear engaged in sanctionable

9    conduct and that they are "jointly responsible."  Mr. Musnuff and Goodyear are thus jointly

10   liable for 80% of the $2,018,794.64 contingent award.   Joint liability is defined as

11   "[l]iability shared by two or more parties."  *Joint Liability*, Black's Law Dictionary (11th

12   ed. 2019).  "[A] payment made by a joint tortfeasor diminishes the claim against the

13   remaining tortfeasors."  *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385, 1389 (9th

14   Cir. 1987).  Because Goodyear is a joint tortfeasor, its liability is offset by Mr. Musnuff's

15   settlement for $1.1 million.  Factoring in the offset from the settlement, the amount

16   remaining for Goodyear to pay is $515,035.71 plus post-judgment interest.[2]  Although

17   Goodyear reaches the same conclusion pursuant to Arizona law, federal law applies.

18           Regarding post-judgment interest, 28 U.S.C. § 1961 applies.  The statute provides

19   that interest on a sanctions judgment is "calculated from the date of the entry of the

20   judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield."

21   28 U.S.C. § 1961(a).  Interest is computed daily to the date of payment and is compounded

22   annually.  § 1961(b).  Judgment was entered on August 26, 2013, (Doc. 1126), and the

23   parties agree that the interest is calculated at .14% per year.  Therefore, the Haegers are

24   entitled to $5,484.90 in post-judgment interest.

25           Accordingly,

26           **IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Establish the

27   _____

28   [2]  Contrary to the Haegers' assertion, that Goodyear is vicariously liable for the actions of
its attorneys does not change that Goodyear is jointly liable for its own sanctionable
conduct.

1  Remaining Amount of the Contingent Sanction Award Against Goodyear, per Docket 1186
2  (Doc. 1229) is **GRANTED** in part and **DENIED** in part.  The Haegers are entitled to
3  $515,035.71 plus $5,484.90 in post-judgment interest pursuant to 28 U.S.C. § 1961.

4       **IT IS FURTHER ORDERED** that Goodyear Tire & Rubber Company's Motion
5  for Leave to File Sur-Reply Instanter or Alternatively for Oral Argument (Doc. 1232) is
6  **DENIED** as **moot.**

7       Dated this 26th day of March, 2021.

8
9            G. Murray Snow
10           Chief United States District Judge

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28